**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONNELL FRANCIS TIMLEY,

Defendant-Appellant.

No. 07-3137
(D.C. No. 07-CR-40031-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, EBEL,** and **O'BRIEN**, Circuit Judges.

Appellant Donnell Francis Timley, a federal defendant charged with drug crimes, appeals the district court's order of detention pending trial, presently set to begin August 28, 2007. We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Timley is charged with possession with intent to distribute 74 grams of cocaine base and possession with intent to distribute 114 grams of marijuana. As a matter of statute, the cocaine-base count raises a rebuttable presumption of detention pending trial. *See* 18 U.S.C. § 3142(e).

The magistrate judge held a hearing at which he recounted Mr. Timley's extensive criminal history: incarceration for 37 months for intent to distribute cocaine base, the revocation of supervised release, and a pending charge of conspiracy to distribute depressants. The magistrate judge noted that there were "very few gaps in the adult history in which the Defendant was not either subject to prosecution or serving some sort of sentence." Aplt. App. at 15-16. With this history, the present charges could result in the imposition of a mandatory life imprisonment sentence.

The magistrate judge concluded that no conditions or combination of conditions would assure that defendant was not a danger to the community and that defendant also posed a flight risk. *See* 18 U.S.C. § 3142(e) ( "If, after a hearing . . . , the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.").

Upon its *de novo* review, the district court made even more extensive findings concerning Mr. Timley's "continuous stream of [criminal] activity." Aplt. App. at 47. For instance, the district court observed that Mr. Timley had been on the scene of multiple shootings, where law enforcement officers found "him engaged in some criminal conduct" and "always [with] drugs on him." *Id.* at 50. Also, Mr. Timley has been accused of violent domestic battery and there are reports that he had tried to intimidate a witness. Moreover, the district court observed that "when [Mr. Timley] has reason to avoid and evade apprehension he does so. And certainly when someone is facing a mandatory sentence of life imprisonment they would have such motivation." *Id.* at 48. The district court agreed with the magistrate judge that Mr. Timley should be detained as a safety and flight risk.

## II.

Generally, a bail appeal presents questions of fact and mixed questions of law and fact. *United States v. Cisneros,* 328 F.3d 610, 613 (10th Cir. 2003). "We apply de novo review to mixed questions of law and fact concerning the detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *Id.*

Mr. Timley, however, does not question either the district court's interpretation of § 3142(e) or its factual findings. Instead, he claims that the district court failed to give appropriate weight to his disability, his long-term ties

in the community, the needs of his wife and five-year-old son, his past history of appearing for court dates, the absence of adult convictions for crimes of violence, and the failure of the government to present evidence on the current charges. *See* 18 *U.S.C.* § 3142(g) (listing factors for court consideration: (1) nature and circumstances of offense charged, including whether offense is a crime of violence or involves a controlled substance; (2) weight of evidence against defendant; (3) defendant's history and characteristics; and (4) nature and seriousness of danger to any person or the community posed by defendant's release).

We see no error in the district court's consideration of the statutory factors or the weight it accorded to these factors. Mr. Timley failed to rebut the presumption that, unless detained until trial, he presents a danger to society and a risk of flight. Accordingly, we AFFIRM the decision of the district court.


ENTERED FOR THE COURT
PER CURIAM